Aron Steuer, J.
Both sides have moved for judgment. It is conceded that there is no issue of fact. The corporate defendant is the trustee and the individual defendant the beneficiary of a trust created under a will. By the terms of this trust on June 22, 1959 the beneficiary is to receive one eighteenth of the principal if she is then living. The beneficiary heretofore has made an assignment to the plaintiff of $2,000 from the payment of principal to become due on June 22. It is not disputed that the expected payment far exceeds this sum. Plaintiff gave notice of his assignment to the trustee and the latter has acknowledged receipt of it. But plaintiff has also demanded that the trustee admit the validity of the assign *743 ment. This the trustee declines to do, refusing at this time to take any position in that regard. Plaintiff thereupon brought this action for a judgment declaring the assignment to be valid.
‘There is a possible ground of objection to the assignment. The will contains a clause restricting alienation of the interest or principal of the trust. Plaintiff claims this clause to be without effect insofar as it purports to restrain a transfer of principal. It is this question that the trustee refuses to decide at this time.
The first and main question in this case is whether an action for declaratory judgment lies. Little help on this point can be derived from the language used to announce the guiding principles in decided cases. Admittedly there must exist a present controversy. Defendants point out that the beneficiary may die or she may when payment becomes due ratify the assignment. In either event adjudication would be unnecessary.
While the possibility of subsequent contingencies removing the grounds of contention will not always defeat the right to a declaratory judgment, their presence is not to be ignored. Plaintiff must show more than that his claim has not matured and that it may be disputed on the due date. The remedy does not exist for the purpose of putting a claimant at ease in the interim before his claim ripens. There must be other elements. Some prejudice to the plaintiff resulting from the delay in ascertaining his rights or some inequity depending on being placed or kept in an equivocal position.
No such factors appear here. These plus the fact that the individual defendant gives no indication that she will refuse to ratify the assignment when it becomes payable, thereby making necessity for a suit unlikely, show that no case for a declaratory judgment is made out.
Plaintiff’s motion is denied and defendant’s motion is granted and the clerk is directed to enter judgment accordingly.